UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WE THE PATRIOTS, ET AL<br>*Plaintiffs* | : | CIVIL NO. 3:23-CV-00737(KAD) |
| v. | : | |
| NED LAMONT<br>*Defendant* | : | JULY 19, 2023 |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

The Defendant respectfully moves to dismiss Plaintiffs' complaint as all claims therein are barred by the Eleventh Amendment to the United States Constitution. Plaintiffs seek to enjoin Defendant, Governor Lamont, from enforcing certain portions of Connecticut Public Act No. 23-53, a law recently enacted by the Connecticut General Assembly that, *inter alia*, prohibits carrying a firearm with intent to display such firearm—commonly referred to as "open carry"—and effectively prohibits individuals from buying or selling more than three firearms per month. Plaintiffs challenge these provisions—sections 1 and 9 of the Public Act—pursuant to the Second Amendment to the United States Constitution and Article First, Section 15 of the Connecticut Constitution. But Plaintiffs' claims are barred by the Eleventh Amendment.

Plaintiffs cannot avoid Eleventh Amendment immunity by invoking the *Ex parte Young* doctrine. First: Governor Lamont is not a proper party for Plaintiffs' federal claims since he lacks the requisite connection to the enforcement of Public Act No. 23-53. Second: Plaintiffs' official capacity claims against Governor Lamont "for violations of the Connecticut Constitution . . .are [] barred by the Eleventh Amendment under the *Pennhurst* doctrine." *Vega v. Semple*, 963 F.3d 259, 284 (2d Cir. 2020) (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984)).

1

For these reasons, the Court lacks subject matter jurisdiction over all claims and this action must be dismissed.

## I. STATEMENT OF FACTS & RELEVANT ALLEGATIONS

Plaintiffs are We The Patriots USA, Inc., a "charity" that is allegedly "dedicated to promoting and defending constitutional rights, including Second Amendment Rights, through education, outreach, and public interest litigation" and Matthew Sherman and Brandon Tischer, two Connecticut residents who are allegedly licensed to carry firearms within the state. (Doc. #1 at ¶¶1, 3, 4.) They are suing Governor Lamont, who they allege "is the state's top elected official with responsibility to assure that the laws of the State of Connecticut are enforced." (Doc. #1 at ¶5.) "He is sued in his official capacity only." (Id.)

Plaintiffs challenge "An Act Addressing Gun Violence," now known as Public Act No. 23-53,[1] claiming that it violates both the Second Amendment and Article First, Section Fifteen of the Connecticut Constitution. (Doc. #1 at ¶¶23-30.) Plaintiffs seek only injunctive and declaratory relief enjoining enforcement of the provisions of the Act as described above. (Doc. #1 at 6, ¶¶A-E.)

## II. ARGUMENT

### A. Legal Standard

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Yankovich v. Applus Techs., Inc.*, 621 F. Supp. 3d 269, 273 (D. Conn. 2022) (citing *Katz v. Donna Karan Co.*, L.L.C., 872 F.3d 114, 119 (2d Cir. 2017)). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff."

---

[1] A copy of the Public Act can be found at https://www.cga.ct.gov/2023/ACT/PA/PDF/2023PA-00053-R00HB-06667-PA.PDF.

*Juvenile Matters Trial Lawyers Ass'n v. Judicial Dep't*, 363 F. Supp. 2d 239, 243 (D. Conn. 2005) (quoting *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("In determining whether a plaintiff has met this burden, we will not draw argumentative inferences in the plaintiff's favor").

   **B.** **Plaintiffs' Second Amendment claims are barred by the Eleventh Amendment because Defendant is not a proper party for purposes of *Ex parte Young*.**

"The Eleventh Amendment bars suits against states and their officials unless the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception." *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019). The *Ex parte Young* exception "operates to end ongoing violations of federal law and vindicate the overriding federal interest in assuring the supremacy of the law . . . . A plaintiff may invoke this exception provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *Id.* (citations and internal quotation marks omitted). Plaintiffs seek only declaratory and injunctive relief and Defendant is sued in his official capacity only. (Doc. #1 at ¶5, at 6, ¶¶A-E.) Plaintiffs must therefore invoke the *Ex parte Young* exception. *See Ex parte Young*, 209 U.S. at 123. Governor Lamont, however, is not a proper party to this action for purposes of *Ex parte Young*.

"*Ex parte Young* held that a suit to enjoin as unconstitutional a state official's action was not barred by the [Eleventh] Amendment. This holding was based on a determination that an unconstitutional state enactment is void and that any action by a state official that is purportedly authorized by that enactment cannot be taken in an official capacity since the state authorization

3

for such action is a nullity." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Accordingly, to fall within the exception the defendant state official "must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157; *see also Pennington Seed, Inc. v. Produce Exch.* No. 299, 457 F.3d 1334, 1342 (Fed. Cir. 2006) ("When a violation of federal law is alleged, as here, the state official whose actions violate that law is the rightful party to the suit and prospective injunctive relief can only be had against him.").

To satisfy the "connection" requirement, the state official must have both "a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty" based on the conduct before the Court. *Conn. Ass'n of Health Care Facilities, Inc. v. Rell*, No. 10-CV-136, 2010 U.S. Dist. LEXIS 54649, 2010 WL 2232693, at *5 (D. Conn. June 3, 2010). The *Ex parte Young* "exception only applies when the named defendant state officials have some connection with the *enforcement* of the act and 'threaten and are about to commence proceedings' to enforce the unconstitutional act." *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (emphasis added). When that willingness and connection to enforce is not present, it cannot be said that the official is "involved in an ongoing violation of federal law . . . ." *Goodspeed Airport, LLC v. East Haddam Inland Wetlands & Watercourses Comm'n*, 632 F. Supp. 2d 185, 188 (D. Conn. 2009). The Plaintiffs' failure to name a proper defendant that meets the connection requirement is "fatal" to their claim. *HealthNow N.Y., Inc. v. New York*, 739 F. Supp. 2d 286, 295 (W.D.N.Y. 2010).

Plaintiffs' allegations about Governor Lamont are contained entirely within paragraph 5 and they simply claim that he "is the state's top elected official with responsibility to assure that the laws of the State of Connecticut are enforced." (Doc. #1 at ¶5.) But the Governor's general constitutional duty to "take care that the laws be faithfully executed," cannot serve to invoke *Ex*

*parte Young.* Conn. Const. art. IV., § 12. "[C]ourts in the Second Circuit have not extended the exception under *Ex parte Young* on the basis that a state official has a general duty to execute and enforce state laws." *Kuck v. Danaher*, 822 F. Supp. 2d 109, 142 (D. Conn. 2011); *Connecticut Ass'n of Health Care Facilities, Inc. v. Rell*, Civ. No. 3:10CV136(PCD), 2010 U.S. Dist. LEXIS 54649, at *5 (D. Conn. June 3, 2010); *Klinger v. Connecticut*, Docket No. 3:04-CV-1081 (MRK), 2004 U.S. Dist. LEXIS 24093, at *6-8 (D. Conn. Nov. 12, 2004).

A "governor does not meet this exception solely 'based upon the theory that [he or she], as the executive of the state, was, in a general sense, charged with the execution of all its laws.'" *Urso v. Lamont*, No. 3:20-CV-00529 (KAD), 2021 U.S. Dist. LEXIS 240005, *16-17 (D. Conn. Dec. 15, 2021) (quoting *Hund v. Cuomo*, 501 F. Supp. 3d 185, 197 (W.D.N.Y. 2020) (quoting *Ex parte Young*, 209 U.S. at 157) (alterations in *Hund*))). "Indeed, if a suit could be brought against a governor based upon his general duty to enforce the law alone, then 'the constitutionality of every act passed by the legislature could be tested by a suit against the governor' without limitation, a result which would, in effect, make the State a party to the suit and undermine the State's sovereign immunity." *Id.* (quoting *Ex parte Young*, 209 U.S. at 157); *see also HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) ("Holding that a state official's obligation to execute the laws is a sufficient connection to the enforcement of a challenged statute would extend *Young* beyond what the Supreme Court has intended and held.") (internal citations omitted).

Because Plaintiffs' Complaint is devoid of allegations satisfying the connection requirement of *Ex parte Young*, their Second Amendment claims against Governor Lamont in his official capacity are barred by the Eleventh Amendment and must be dismissed.

    **C.    Plaintiffs' Connecticut constitutional claims are barred by the Eleventh Amendment because such claims are foreclosed pursuant to the *Pennhurst* doctrine.**

Plaintiffs cannot bring official capacity claims in federal court seeking to compel government officials to comply with state law. "It is well settled that federal courts may not grant declaratory or injunctive relief against a state agency based on violations of state law." *Bad Frog Brewery v. New York State Liquor Auth.*, 134 F.3d 87, 93 (2d Cir. 1998) (citing *Pennhurst*, 465 U.S. at 106). "*Ex parte Young* applies only to violations of federal law and, therefore, [a plaintiff's] request for a declaration regarding state law is barred by the Eleventh Amendment." *Sampedro v. Schriro*, 377 F. Supp. 3d 133, 146 (D. Conn. 2019) (citing *Pennhurst*, 465 U.S. at 106). As the Second Circuit held, "[t]o the extent Plaintiffs seek prospective relief against Defendant[] in [his] official capacity for violations of the Connecticut Constitution and state law, those claims are indeed barred by the Eleventh Amendment under the *Pennhurst* doctrine." *Vega*, 963 F.3d at 284 (citing *Pennhurst,* 465 U.S. at 89). Since the Eleventh Amendment provides immunity to Defendant against Plaintiffs' state constitutional claims, Plaintiffs cannot meet their burden to invoke this Court's jurisdiction and these claims, as with their federal claims, must be dismissed.

    **D.    Even if Plaintiffs' Connecticut Constitutional claims were not barred by the Eleventh Amendment, this Court should still decline to exercise supplemental jurisdiction because the federal claims are barred.**

Federal courts should decline to exercise supplemental jurisdiction over state law claims if no federal claims remain. *See Easterling v. Connecticut*, 356 F. Supp. 2d 103, 108-09 (D. Conn. 2005) ("considerations of judicial economy, convenience, fairness, and comity do not weigh in favor of exercising supplemental jurisdiction over the remaining state law claim"). Thus, if this Court dismisses Plaintiffs' Second Amendment claims, as it should, the Court should also decline to exercise jurisdiction over Plaintiffs' state constitutional claim. *See Barnes v. CCH Corporate*

*Sys.*, No. 01 Civ. 2575 (AKH), 2004 U.S. Dist. LEXIS 12504, 2004 WL 1516791, at *8 (S.D.N.Y. July 7, 2004) (dismissing state law claims after summary judgment granted on all federal claims); *Braheney v. Town of Wallingford*, No. 3:00 Civ. 2468 (CFD), 2004 U.S. Dist. LEXIS 5515, 2004 WL 721834, at *20-21 (D. Conn. Mar. 30, 2004) (declining to exercise supplemental jurisdiction over plaintiff's state law claims after court dismissed as a matter of law all federal claims over which it had original jurisdiction).

### III.   CONCLUSION

This Court should grant this Motion and dismiss this entire action.

DEFENDANT
Lamont

WILLIAM TONG
ATTORNEY GENERAL

_____
James M. Belforti
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. ct30449
E-Mail: james.belforti@ct.gov

  /s/ *Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30514
E-Mail: janelle.medeiros@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5590

**CERTIFICATION**

I hereby certify that on July 19, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General