**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WE THE PATRIOTS USA, INC., | : | |
| MATTHEW SHERMAN, | : | |
| BRANDON TISCHER | : | Case No. 3:23-cv-00737(KAD) |
|     Plaintiffs | : | |
| v. | : | |
| | : | |
| NED LAMONT | : | |
|     Defendant | : | SEPTEMBER 18, 2023 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO FILE ADD A PARTY**

The defendant moves to dismiss on grounds of lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). He also requests that this court decline to assert supplemental jurisdiction over a claim arising under state law. For all the reasons stated below, that motion should be denied. In the alternative, the Court should deny the motion as moot and give the plaintiff leave to add an additional party.

## I   Governor Lamont Has Sufficient Connection To The Enforcement Of The Law To Warrant Proceeding Against Him

The plaintiffs seek equitable and injunctive relief directed at a new statute, Connecticut Public Act No. 23-53, focusing exclusively on the legislation's prohibition against carrying a firearm with intent to display the firearm and on the limitation on the number of firearms that may be sold or purchased by an individual or firm within a given month. They contend the statute violates both the Second Amendment to the United States Constitution and Article First, Section 15 of the Connecticut Constitution. They contend the Connecticut constitution offers a broader right to carry than does the federal constitution.

Significantly, the plaintiffs have sued the governor, Ned Lamont, in his official capacity only. They are not seeking money damages against Mr. Lamont, but have reserved the right to seek attorney's fees arising under 42 U.S.C. Section 1988 in the event they are a prevailing party.

The defendant contends that as Lamont is merely the governor, he has no meaningful connection to enforcement of the laws at issue in this case. The absence of such, warrants dismissal they contend. They rely on a partial quote from *Ex Parte Young* (209 U.S. 123 (1908) but no other binding authority since *Young* was decided more than a century ago. Lamont seeks dismissal merely as a means of delaying litigation on the merits while the plaintiffs file the identical complaint against a prosecutor so that the same lawyers can accept process in the same manner and engage in the same defense they would lodge if they were defending the governor. Such a dilatory tactic is species of "tokenism" inconsistent with FRCP Rule 1, which calls for prompt and efficient resolution of claims.

The instant suit does not violate the Eleventh Amendment and the sovereign immunity of the state. It is not a suit against the fisc of the state, the classic hallmark of an attempt to penetrate sovereign immunity.

*Ex Parte Young* does not, contrary to the defendant's contention, create a bright line requiring a fixed quantum of "direct involvement" by a state actor. The defendant correctly quoted a portion of *Young*, to wit: "In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the

2

enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Id*., p. 157. However, the balance of the quote suggests the this is not a standard to be applied in a niggling manner. "It has not, however, been held that it was necessary that such duty should be declared in the same act which is to be enforced. In some cases, it is true, the duty of enforcement has been so imposed …, but that may possibly make the duty more clear; if it otherwise exist, it is equally efficacious. The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law or is specially created by the act itself is not material, so long as it exists." *Id*.

The defendant cites a 2020 Second Circuit case, *Vega v. Semple*, 963 F.3d 259, 284 (2d. Cir. 2020), but the case merely recites the standard enunciated in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). *Vega* sheds no light on the application of any Supreme Court precedent to the facts of this case. The authorities cited on pages five and six of his brief are mere persuasive authority arising from different factual contexts.

It appears that the defendant is of the belief that the complaint does not adequately plead that "some connection with the enforcement of the act." The plaintiffs can replead, and the parties can spin their wheels preparing for summary

judgment on an issue that misses the point of the litigation entirely. It is the law itself that is the focus, not the placeholder party. The Governor, as head of the executive branch, is obliged to see to it that the laws of the state are enforced. If that's not direct enough for the attorney general's office, then the plaintiffs can add a party.

Rather than simply seeking leave to amend, the plaintiffs contend first, that they have plead enough to survive the motion to dismiss. Alternatively, if the Court deems otherwise, the parties request permission to add an additional party, in this case New Haven State's Attorney Jack Doyle. Such a move seems unfortunate, for if this formal concession is necessary to reach the merits of the issue raised here, the plaintiffs will do so. Attorney Doyle will, presumably, waive service of a new complaint under FRCP Rule 4. A copy of an amended complaint adding Attorney Doyle is attached herewith as Exhibit A.

## II.     The Same Facts Apply to Both the State and Federal Constitutional Claims and this Court Should Exercise Supplemental Jurisdiction

In the event the Court either denies the motion to dismiss on its merits, or declares it moot by permitting an amended complaint with the addition of a necessary party, the Court should exercise supplemental jurisdiction as a matter of judicial economy. The plaintiffs, unlike the defendant, do not have the backing of the virtually unlimited fisc of the state. They seek to litigate the claim but once.

Pattis & Associates, LLC**,**
By: <u>/s/ Norman Pattis /s/</u>
Norman Pattis, Esq.
383 Orange Street, 1st Floor
T: (203) 393-3017
E: npattis@pattissmith.com
*Attorney For Plaintiffs*

### CERTIFICATION

I hereby certify that on September 18, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

BY:
<u>/s/ Norman A. Pattis /s/</u>
NORMAN A. PATTIS