**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WE THE PATRIOTS USA, INC., : <br> MATTHEW SHERMAN, : <br> BRANDON TISCHER : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> NED LAMONT, : <br> JOHN P. DOYLE, Jr. : <br>     Defendants. : | <br><br><br><br><br><br><br><br><br>SEPTEMBER 18, 2023 |

## AMENDED COMPLAINT

1.     This is an action to enjoin enforcement of portions of a new law that will restrict the right of Connecticut residents to carry firearms in public places and to purchase such firearms as they believe necessary to defend themselves. The plaintiffs contend that the new law, signed by Gov. Ned Lamont on June 7 , 2023, and going into effect on October 1, 2023 unlawfully abridges their rights under the Second Amendment to the United States Constitution and under Article First, Section 15 of the Connecticut Constitution. It does so by prohibiting a person from "knowingly carry[ing] any firearm with intent display such firearm" and restricting their right to purchase firearms from any given dealer to no more than three guns in 30 days.

2.     We The Patriots USC, Inc. is a nonprofit public charity organized and operated exclusively for tax-exempt purposes in accordance with Section 501(c)(3) of the Internal Revenue Code. More specifically, it is dedicated to promoting and defending constitutional rights, including Second Amendment Rights, through education, outreach, and public interest litigation. As a Section 501(c)(3) public charity, it has members who participate in its tax-exempt activities as volunteers and committed community stakeholders bringing and supporting litigation in federal and state courts on a variety of

1

constitutional and other freedom-related matters directly affecting their rights and interests. Its members include Connecticut residents affected by the matters complained of herein and share common claims to that brought by We The Patriots USA, Inc. in its representative capacity. We The Patriots USA, Inc., is registered as a Connecticut corporation.

3. Matthew Sherman is an adult resident of the State of Connecticut residing in Hamden. He is licensed to carry a firearm in Connecticut.

4. Brandon Tischer is an adult resident of the State of Connecticut residing in Wolcott. He is licensed to carry a firearm in Connecticut.

5. Ned Lamont is the governor of the State of Connecticut and is the state's top elected official with responsibility to assure that the laws of the State of Connecticut are enforced. He is sued in his official capacity only.

6. John P. Doyle, Jr., is the State's Attorney for the Judicial District of New Haven, and has responsibility for prosecuting violations of the State of Connecticut's criminal law. He is sued in his individual capacity only.

7. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 2201 as well as 42 U.S.C. §§ 1983 and 1988. Venue is appropriate under 28 U.S.C. § 1391 because all parties are domiciled in Connecticut, and all of the factual events giving rise to the cause of action occurred in Connecticut.

8. The Second Amendment to the United States Constitution guarantees an individual the right to bear arms. "A well regulation militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." United States Constitution, Second Amendment. The United States Supreme Court has held that this a personal right, enforceable against the States. *District of Columbia v.*

*Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010).

9. Article First, Section 15 of the Connecticut Constitution guarantees an individual the right to bear arms. "Every citizen has a right to bear arms in defense of

himself [or herself] and the state" Connecticut Constitution, Art. I, Section 15. This right has been part of the state's constitution since 1818. This right has been construed to be a right to bear arms "in defense of [one]self and the state." "[T]he constitution protects each citizen's right to possess a weapon of reasonably sufficient firepower to be effective for self-defense." *Benjamin v. Bailey*, 234 Conn. 455, 465 (1995).

10. On June 7, 2023, Gov. Lamont signed into a law An Act Addressing Gun Violence, a purported response to soaring homicide rate in major Connecticut cities and reports of increased violent crimes such as car jackings. Connecticut rates of homicides and property crime are significantly above the national averages, according to statistics maintained by the Federal Bureau of Investigation. (Appendix A)

11. The new legislation is scheduled to take effect on October 1, 2023.

12. Although Gov. Lamont called the bill a means of addressing gun violence, it will have the unintended effect of making the streets more dangerous for law abiding citizens who will have fewer options with which to defend themselves against violent assault in public places

13. There are approximately 82,400 guns registered with state officials in Connecticut. The state has one of the lowest rates of gun ownership in the United States, ranking 43rd, with 18.8 percent of the population owning a gun. The national average is 39.8 percent. (https://wisevoter.com/state-rankings/gun-ownership-by-state/, last checked June 2, 2023) The number of unregistered guns is unknown.

14. Gun violence is often committed by individuals who do not possess legal firearms and who obtain them by unlawful means.

15. In recent years, Connecticut has adopted a series of law and public policies designed and intended to make police more accountable to the communities they serve. An unintended consequence of these efforts has been to provide officers with incentives to avoid responding to all but the most serious calls for fear that they will be to scorn, ridicule and punishment if they use their discretion in a tense or uncertain situation in such a way as to cause injury to a third party. The state has also adopted policies designed and intended to make it more difficult to hold in custody folks accused of violent crimes. Parole officials have also relaxed the standard for releasing persons convicted of violent crime back to their communities.

16. The result of these policies and laws has been to create a perception the streets are less safe than they used to be.

17. The plaintiffs choose to arm themselves against what they reasonably believe to be the threat of violence in public places in the state of Connecticut.

18. Prior to the passage of new Public Act, Connecticut was an "open Carry" state, in which registered gun owners were permitted to carry their weapons openly displayed in public, a practice some believe to be associated with a general deterrence of strangers to engage in acts of violence.

19. The new restricts the right of a registered gun owner to carry their right to do so by making it a crime to open carry a firearm in Connecticut unless one meets the requirements of a narrow class of exemptions, such as being a law enforcement officer. HB 6667, Sec. 2.

20. The unintended consequence of this law will be to prohibit those in lawful possession of a gun permit to carry their weapon openly for the purpose of self-defense

while leaving unaddressed the fact that many individuals unlawfully possess, carry, and then use guns to commit crimes.

21. The plaintiffs contend that while the state of Connecticut punishes those crimes it is able to detect, it does not, and cannot, adequately protect citizens from crimes that have no yet occurred. The open carry ban irrationally makes the streets less safe for ordinary citizens.

22. The new Public Act also prohibits a person from acquiring more than three handguns within a 30-day period from any particular dealer, an arbitrary limit bearing no relation to public safety, but infringing a citizen's right to choose the manner and means of defending himself or herself. HB 6667, Section 9(f)(1).

23. The act violates both the state and federal constitutional rights to bear arms.

**COUNT ONE – The Open Carry Restriction Violates the United States Constitution**

24. Paragraphs one through 22 are incorporated herein.

25. The Act in Section 2 unlawfully infringes the right to bear arms under Second Amendment to the United States Constitution

**COUNT TWO – The Open Carry Restriction Violates the State Constitution**

26. Paragraphs one through 22 are incorporated herein.

27. The Act in Section 2 unlawfully infringes the right to bear arms under Article First, Section Fifteen of the Connecticut Constitution.

**COUNT THREE – The Purchase Limitation Violates the United States Constitution**

28. Paragraphs one through 27 are incorporated herein.

29. The Act in Section 9 unlawfully infringes the right to bear arms under the Second Amendment to the United States Constitution.

**COUNT Four – The Purchase Limitation Violates the Violates the United States Constitution**

30. Paragraphs one through 22 are incorporated herein.

31. The Act in Section nine unlawfully infringes the right to bear arms under Article First, Section 15 of the Connecticut Constitution.

### Declaratory and Injunctive Relief

WHEREFORE, the Plaintiffs seeks declaratory injunctive relief as follows:

A. A declaratory judgment finding that sections two and nine of the Act violate the Second Amendment to the United States Constitutions right to bear arms and is unconstitutional.

B. A declaratory judgment finding that sections two and nine of the Act violate the right to bear arms under Article First, Section Fifteen of the Connecticut Constitution and is unconstitutional.

C. A permanent injunction enjoining the Defendant and his agents from enforcing any provision of sections two and nine of the Act;

D. Reasonable costs and attorney's fees.

E. Such other relief as this Court deems fair and equitable.

THE PLAINTIFFS

/s/ Norman A. Pattis /s/
NORMAN A. PATTIS, ESQ.
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattislaw.com

## **CERTIFICATION**

I hereby certify that on September 18, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

BY:
/s/ Norman A. Pattis /s/
NORMAN A. PATTIS
      Fed Bar. No.: ct13120