UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WE THE PATRIOTS, ET AL | : | CIVIL NO. 3:23-CV-00737(KAD) |
| *Plaintiffs* | | |
| | | |
| v. | : | |
| | | |
| | | |
| NED LAMONT | : | OCTOBER 2, 2023 |
| *Defendant* | | |

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Plaintiffs have not established this Court has jurisdiction over their claims against the moving Defendant. Instead, Plaintiffs merely reiterate their Complaint's allegations, underscoring that their claims against Governor Lamont rest solely on the Governor's position as a high-ranking official rather than on the requisite "connection" to enforcement of the challenged statutes as required by *Ex Parte Young*. Plaintiffs have not met their burden to demonstrate jurisdiction over the claims against the moving Defendants, and those claims should be dismissed.

**I.    Supervisory authority is not enough to demonstrate sufficient "connection" with enforcement to establish Governor Lamont as a proper party in this action.**

Plaintiffs fail to address Defendant's argument that Governor Lamont has no direct connection to enforcing Public Act No. 23-53, let alone a particular duty or demonstrated willingness to enforce that statute. The plain language of the Act reveals no such connection, and Connecticut law does not charge the Governor with enforcing criminal statutes. *See* ECF # 15-1, Pgs. 3-5.

Plaintiffs also do not provide any meaningful response to Defendant's argument that the "general authority to enforce the laws of the state is not sufficient to name a state officer as a defendant in an action challenging a law." *HealthNow New York, Inc. v. New York*, 739 F. Supp.

2d 286, 294 (W.D.N.Y. 2010) (internal quotation marks omitted); *see also Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996).

Rather, Plaintiffs' primary argument for jurisdiction over claims against Governor Lamont is that because this claim does not seek money damages, it is "not a suit against the fisc of the state" and therefore "does not violate the Eleventh Amendment and the sovereign immunity of the state," regardless of who is a named party in the case. ECF # 18, Pg. 2. But sovereign immunity is not limited to claims for money damages: "[t]he Eleventh Amendment bars suits against states and their officials unless the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception." *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019). And Plaintiff may only maintain a claim pursuant to the *Ex Parte Young* exception by bringing suit against a defendant with both "a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty" based on the conduct before the Court. *Conn. Ass'n of Health Care Facilities, Inc. v. Rell,* No. 10-CV-136, 2010 U.S. Dist. LEXIS 54649, 2010 WL 2232693, at *5 (D. Conn. June 3, 2010). Plaintiffs ignore a font of case law from courts within the Second Circuit in arguing that *Ex Parte Young* has no such "connection" requirement. See ECF # 15, Pgs. 3-5.

Plaintiffs also contend that the Governor is "head of the executive branch" and is therefore "obliged to see to it that the laws of the state are enforced." ECF # 18, Pg. 4. But this Court has made clear that a governor may not be sued pursuant to *Ex Parte Young* "'based upon the theory that [he or she], as the executive of the state, was, in a general sense, charged with the execution of all its laws.'" *Urso v. Lamont*, No. 3:20-CV-00529 (KAD), 2021 U.S. Dist. LEXIS 240005, *16-17 (D. Conn. Dec. 15, 2021) (quoting *Hund v. Cuomo,* 501 F. Supp. 3d 185, 197 (W.D.N.Y. 2020) (quoting *Ex parte Young*, 209 U.S. at 157) (alterations in *Hund*))).

Merely serving as a high-ranking official who is also a supervisor is not enough to satisfy the connection to enforcement of the challenged statutes required under *Ex Parte Young*. While direct personal involvement is not required for a defendant to be a proper party under *Young*, the state official defendant must have both "*a particular duty to enforce* the statute in question and a demonstrated willingness to exercise that duty." *Conn. Ass'n of Health Care Facilities, Inc. v. Rell*, No. 10:CV-136, 2010 U.S. Dist. LEXIS 54649, at *5 (D. Conn. June 3, 2010) (emphasis added); *See also Reynolds*, 2006 U.S. Dist. LEXIS 68970, at *27 (recognizing "personal involvement" not required but dismissing claim against Attorney General despite duty to supervise other officials). "[A] generalized obligation to 'supervise' is insufficient for purposes of the *Ex parte Young* doctrine to apply." *Greater Chautauqua Fed. Credit Union v. Marks*, 600 F. Supp. 3d 405, 422 (S.D.N.Y. 2022).

Merely supervising and setting policy for officials with the duty to enforce the assault weapons ban  does not make the Governor a proper party under *Young. See, e.g., Urso*, 2021 U.S. Dist. LEXIS 240005, at *21 (Governor delegating authority to enforce executive orders to agencies which he "supervises" is not enough to satisfy the "connection" requirement under *Young*); *Jackson v. Conn. State Dep't of Pub. Health,* No. 3:18-CV-1482 (MPS), 2019 U.S. Dist. LEXIS 85213, at *11 (D. Conn. May 21, 2019) (supervisory position is not enough to establish the connection requirement of *Ex parte Young*); *Chrysafis v. James*, 534 F. Supp. 3d 272, 298 (E.D.N.Y. 2021) (a defendant's simply holding the office of New York Attorney General is not enough to invoke *Ex parte Young*, particularly where "other state and local officials, rather than the Attorney General, who have the particular duty to administer or enforce" the statute, even where Attorney General "supervises" those officials); *McCluskey v. Comm'r of Nassau Cnty. Dep't of Soc. Servs.,* No. CV-12-3852 (JFB)(ETB), 2013 U.S. Dist. LEXIS 127614, at *8 (E.D.N.Y. July

23, 2013) ("While plaintiff has stated that the [state official] is responsible for the overall operation of [the state agency], this allegation, standing alone, is insufficient to demonstrate that the [state official] had a direct connection to, or responsibility for, the alleged illegal action") (internal quotation marks, alteration, and citation omitted); *Wang v. Pataki*, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001) (New York Governor is not a proper party despite having executive authority over agency responsible for enforcement of a challenged policy); *Curtis v. Pataki,* No. 96-CV-425 (RSP), 1997 U.S. Dist. LEXIS 15221, at *6 (N.D.N.Y. Oct. 1, 1997) (New York Governor was not proper party under *Ex Parte Young* in an action claiming correctional policy was unconstitutional because he lacked sufficient connection to enforcement of the policy despite supervising correctional commissioner); *Coal. to Defend Affirmative Action v. Brown,* 674 F.3d 1128, 1134 (9th Cir. 2014) ("general supervisory power over the persons responsible" does not subject a state official to suit in federal court); *Buffin v. City & Cty. of S.F.*, No. 15-CV-04959 (YGR), 2016 U.S. Dist. LEXIS 142734, at *39 (N.D. Cal. Oct. 14, 2016) ("Attorney General's role as the Sheriff's ultimate supervisor is not alone sufficient to bring suit against her in federal court for enforcement of the law by the Sheriff"). Ultimately, Plaintiffs' argument fails.

Every high-ranking official holds some supervisory authority. If Plaintiffs' argument were correct and "a general duty to enforce state law or to supervise other officials responsible for enforcing the challenged provision were sufficient to demonstrate connection for purposes of *Ex parte Young*, the constitutionality of every act passed by the legislature could be tested by a suit against the governor . . . based upon the theory that he, as the executive of the State was, in a general sense, charged with the execution of all its laws . . . ." *Grant v. Lamont*, No. 3:22-cv-01223 (JBA), 2023 U.S. Dist. LEXIS 147954, at *5 (D. Conn. Aug. 23, 2023) (citing *Emory v. New York*, No. 11-CV-1774, 2013 U.S. Dist. LEXIS 64414, at *4 (E.D.N.Y. May 6, 2013)); *see also Urso*,

2021 U.S. Dist. LEXIS 240005, at *16-17 ("Indeed, if a suit could be brought against a governor based upon his general duty to enforce the law alone, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor without limitation, a result which would, in effect, make the State a party to the suit and undermine the State's sovereign immunity") (citations omitted).

To allow Plaintiffs to sue the Governor simply because he possesses some supervisory authority over those actually tasked with enforcing the laws in the first instance would negate the Eleventh Amendment and expand *Ex Parte Young* so much as to render it meaningless. This is why "[t]he vast majority of courts to consider [this] issue have held . . . that a state official's duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute" including governors and high-ranking officials. *Sabin v. Nelson*, No. 7:12-CV-1373 (GLS)(DEP), 2014 U.S. Dist. LEXIS 88462, at *6 (N.D.N.Y. June 30, 2014) (citing cases).

The Governor is not a proper party and this action against him is barred by the Eleventh Amendment. He is named as a token "representative of the state" lacking sufficient connection to the enforcement of Public Act No. 23-53. *Ex Parte Young,* 209 U.S. at 157. Because Plaintiffs have not met the connection requirement of *Ex parte Young* as to Defendant Lamont, this action against him is barred by the Eleventh Amendment.

## II.    The *Pennhurst* Doctrine bars Plaintiffs' State Law Claims.

Plaintiffs offer no persuasive response to Defendants' argument that *Pennhurst State School & Hospital v. Halderman* bars their state law claims. 465 U.S. 89. Rather, they argue that the Second Circuit did not provide "guidance" in *Vega v. Semple*, 963 F.3d 259 (2d Cir. 2020) regarding *Pennhurst*. ECF # 15, Pg. 3. But the Second Circuit was clear in holding that "prospective relief against Defendants in their official capacity for violations of the 'Connecticut

Constitution' and 'state law'… are indeed barred by the Eleventh Amendment under the *Pennhurst* doctrine." *Vega*, 963 F.3d 259, 284.

"[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Id.* (citing *Pennhurst*, 465 U.S. at 121); *see also Society for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1248 (2d Cir. 1984) (*Pennhurst* bars relief on state-law claims in federal court against state officials in their official capacities). Plaintiffs' claims brought pursuant to Connecticut state law and the Connecticut Constitution are barred and must be dismissed.

**III**.     **Conclusion**

This Court should grant the Defendants' motion to dismiss.

DEFENDANT
Lamont

WILLIAM TONG
ATTORNEY GENERAL


_____
James M. Belforti
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. ct30449
E-Mail: james.belforti@ct.gov


  /s/ *Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Federal Bar #ct30514
E-Mail: janelle.medeiros@ct.gov

Tel.: (860) 808-5450
Fax: (860) 808-5590

## **CERTIFICATION**

I hereby certify that on October 2, 2023, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system. Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General